J. A. McCORMICK, ADMINISTRATOR, v. LEON & H. BLUM.

No. 140.

**1. Misjoinder of Parties.** — A mortgage was jointly executed by Penny and B. M. Fleming and his wife, to secure their joint debt and future advances to the firm of Fleming & Penny.    Fleming and wife died, and their estates were administered by McCormick.    One suit was instituted against the estates of the decedents and Penny on the mortgage, and upon an open account for subsequent purchases, with prayer for judgments against the estates to be certified to the Probate Court for observance, and for judgment and execution against Penny.    *Held,* there was no misjoinder of parties nor of causes of action.

**2. Mortgage for Future Advances by a Married Woman.** —Under the decision in Klein v. Glass, 53 Texas, 44, Catherine Fleming was com-

petent, notwithstanding her coverture, to execute the mortgage jointly with her husband, which subjected her separate property to the payment of debts which might be contracted by her husband subsequent to the execution of the mortgage.

3. **Same — Such Mortgage Covers Interest.**— If the mortgage could be made to include subsequent purchases of goods by the husband, we see no reason why it might not also include an obligation to pay interest on the debt due for the goods.

ON REHEARING.

4. **On Rehearing.**—The judgment was reformed so as to allow only statutory rates of interest upon the open account, and not 10 per cent.

5. **Attorney Fees.** — The 10 per cent attorney fees was allowed upon the amount due upon the notes, including the accrued interest at the date of the judgment, and in this there was no error. The contract was to pay 10 per cent attorney fees if the note should be placed in the hands of an attorney, and by such contract the payor obligated himself to pay 10 per cent upon the amount collected, including both principal and interest.

APPEAL from Galveston.    Tried below before Hon. W. H. STEWART.

*John C. Walker*, for appellant.—1. The court erred in overruling the demurrer and first exception, and plea of misjoinder of actions and parties, which sets out, that he was the administrator of two different estates, and different remedies were sought against each estate, and the pleadings of plaintiffs seeking a joint remedy against John A. McCormick as such administrator of each estate, and against John Penny. Williams v. Robinson, 63 Texas, 576; Frost v. Frost, 45 Texas, 325; Construction Co. v. Middlegge, 75 Texas, 634; Stewart v. Gordon, 65 Texas, 344; Cramer v. Hernstadt, 41 Texas, 615; Johnson v. Davis, 7 Texas, 614.

2. The petition claiming one debt against B. M. Fleming's estate, though alleging a joint liability with the other defendants, can not join another distinct cause of action accrued after his death, on a debt alleged to have been incurred by a new partnership, composed of Catharine Fleming and John Penny. There could be no privity between an estate not then in administration and living parties. Such misjoinder should be recognized on special exception. Recovery against John Penny on that item could not be enforced against the other defendants; wherefore it is a misjoinder. Callaghan v. Houston, 78 Texas, 494; May v. Slade, 23 Texas, 208; Thomas v. Walsh, 44 Texas, 160; Oliver v. Robertson, 41 Texas, 422; Thomas v. Chapman, 62 Texas, 193; Green v. Dullahan, 54 Texas, 286; Wells v. Fairbanks, 5 Texas, 582; Frosh v. Smith, 2 Texas, 485.

3. A married woman has no power to make any executory agreement that her separate estate shall be encumbered, if she and her husband and another should become indebted in the future. Her power to encumber her property for debts of her husband or others applies only to existing

debts. She can not bind her property as security for her contemplated joint contract not then existing, but only a future possibility, and which would be void if entered into by her. Such agreement as to Catherine Fleming was without consideration. Jones v. Goff, 63 Texas, 249; Jones on Mort., sec. 110; Wallace v. Finberg, 46 Texas, 85; Lynch v. Elkes, 21 Texas, 230; Hutchinson v. Underwood, 27 Texas, 259; Miller v. Marx & Kempner, 65 Texas, 131; Magee v. White, 23 Texas, 180; 1 Wait's Act. and Def., 74; Whart. Law Dic., 179, 282.

4. The court erred in admitting in evidence, against the estate of Catherine Fleming, the instrument set out in the bill of exceptions of date December 8, 1882, and signed by B. M. Fleming and Leon & H. Blum, because Catherine Fleming was no party thereto, and because the undertaking of B. M. Fleming therein to pay Leon & H. Blum 10 per cent interest on future indebtedness was made a basis for adjudging a lien upon the separate property of the estate of Catherine Fleming for 10 per cent interest on the open account of B. M. Fleming, with which she was in no wise connected. It was not pleaded, and was not made the basis of recovery by sufficient allegation in the petition. If an independent instrument, separate from the main cause of action, be relied on to establish a rate of interest greater than the legal rate, it must be specially declared upon, and set out in hæc verba or in tenor and effect.

Allegations necessary in suits against personal representatives: Caldwell v. Young, 21 Texas, 801.

Every material fact must be alleged in order to admit proof: Lemmon v. Hanley, 28 Texas, 226; Denison v. League, 16 Texas, 408; Hall v. Jackson, 3 Texas, 310; Paul v. Perez, 7 Texas, 338; George v. Vaughan, 55 Texas, 129.

*Scott, Levi & Smith,* for appellees.—1. The court did not err in overruling the several exceptions of appellant to appellees' petition, mentioned in the said assignments of error. Johnson v. Davis, 7 Texas, 173; Teas v. McDonald, 13 Texas, 336; Bennett v. Spillan, 7 Texas, 600.

2. Mrs. Catherine Fleming had authority, with the consent of and joined by her husband, to make the deed of trust, and same was sufficient in law to create a lien on the property embraced therein to secure the indebtedness now adjudged below to be so secured.

Future indebtedness may be secured by mortgage: 1 Jones on Mort., 266–284.

Married woman can bind herself by such a mortgage: Klein v. Glass, 53 Texas, 44.

And being empowered by law in Texas to alienate her estate absolutely in the form prescribed, may alienate it to a less degree by creating a lien on it to secure a debt: Hollis v. Francois, 5 Texas, 195; Angier v.

Coward, 79 Texas, 554; Sampson v. Williamson, 6 Texas, 102; Shelby v. Burtis, 18 Texas, 644.

3. It was as competent to prove and recover the interest contracted to be paid on the future indebtedness as it was to prove the future indebtedness itself. It was part and parcel of the indebtedness, and unless fraud and collusion were alleged and proven between appellees and B. M. Fleming, to the prejudice of Mrs. Fleming, in contracting such future indebtedness, her property was as much bound for the interest as the principal under the deed of trust. 5 Texas, 195; 79 Texas, 554; 6 Texas, 102; 18 Texas, 644.

4. The 10 per cent attorney fees was computed on the notes, specifically described in the deed of trust securing same, and were as much part of the obligation secured as the principal or interest. All were secured by the trust deed, the principal absolutely, the interest contingent upon the lapse of time before payment of the principal, and the attorney fees contingent on the claims being placed in the hands of attorneys. The capacity of a married woman to pledge her property is not less for a contingent liability than for one which is absolute, nor for such liability less upon one condition than another.

PLEASANTS, ASSOCIATE JUSTICE.—The conclusions of this court upon the facts of this case, are: That B. M. Fleming, who died on the 10th of June, 1890, was at the time of his death indebted on open account to the appellees, Leon Blum, Sylvan Blum, and Hyman Blum, in the sum of $1622.70, and afterwards, during the same year, credits to the amount of $400 were given upon said indebtedness by appellees by virtue of payments to them; and that in addition to this indebtedness by account the said Fleming was indebted to said appellees at the time of his death, jointly with John Penny, on their several promissory notes, executed by said Fleming, said Penny, and Catherine Fleming, who was then and at the death of Fleming his wife.

Each of said notes bears date the 17th of December, 1888; two are for the sum of $1899.34 each, and the third is for the sum of $1899.35, and due respectively at twelve, fifteen, and eighteen months after date, and each providing for payment of interest from maturity at rate of 10 per cent per annum, and for 10 per cent thereon for attorney fees if placed in the hands of an attorney for collection; and that said notes were secured by deed of trust executed by said B. M. Fleming and his said wife, Catherine, to one A. S. Mair, of Galveston County, upon two certain lots in the city of Galveston, being the same as those described in the judgment appealed from, with power to sell and with power of substitution, for the purpose of paying said indebtedness then existing, and for any indebtedness subsequently contracted with the said appellees. That the indebtedness on account from said Fleming, at the time of his death, to

appellees, was for goods and merchandise bought by said B. M. Fleming, and by his authority and for him by the said John Penny, subsequent to the execution of the said deed of trust, to-wit, the 17th of December, 1888.

That Catherine Fleming died in December, 1890. That the property covered by the said deed of trust was her separate property. That there was no partnership in the lifetime of B. M. Fleming between him and the said John Penny, nor was there any partnership after the death of B. M. Fleming between the said Catherine Fleming and the said John Penny; that Penny was the clerk and salesman of B. M. Fleming at the time of the latter's death, in a store owned by him in the city of Houston, Texas, and that said Penny continued to conduct said mercantile business in Houston, and to deal with appellees as in the lifetime of B. M. Fleming, for sometime after the death of the latter. That the appellant is the administrator of the estate of B. M. Fleming, and also the administrator of the estate of Catherine Fleming. That appellees were compelled to bring suit on their claims because the same were rejected in part by said administrator when the same, with the proper affidavit of verification, were presented to him. And finally, that the respective amounts found by the trial judge to be due on open account and upon the notes aforesaid at the date of the judgment rendered for appellees, on the 22nd day of March, A. D. 1892, against the estate of said B. M. Fleming, are correct; and that the amounts so rendered for appellees included no item of indebtedness contracted after the death of said Fleming.

*Opinion.*—The appellees, Leon Blum, Sylvan Blum, and Hyman Blum, merchants and partners in trade, brought this suit against appellant, J. A. McCormick, as administrator of the estates of B. M. Fleming, deceased, and Catherine Fleming, deceased, and one John Penny. The nature and result of the suit is substantially thus stated by appellant in his brief: " The petition alleged, that John Penny and B. M. Fleming were indebted to plaintiffs at the time of the death of B. M. Fleming in the sum of $1822.70 on open account for goods sold before the death of B. M. Fleming, and that after the death of B. M. Fleming plaintiffs sold and delivered to John Penny and Catherine Fleming goods of the value of $680.24, less $600 paid thereon; that by contract in writing by B. M. Fleming and John Penny, the indebtedness bears interest at 10 per cent per annum (on the open account), and that B. M. Fleming and John Penny were partners.

" Plaintiffs further alleged, that on the 17th day of December, 1888, B. M. Fleming, Catherine Fleming, and John Penny executed and delivered to plaintiffs three notes, two for $1899.34 each, and the third for $1899.35, payable respectively twelve, fifteen, and eighteen months after date, with interest at 10 per cent from maturity, and 10 per cent attorney fees if placed

in the hands of attorneys for collection.   Plaintiffs alleged, that B. M. Flem-
ing and said Catherine Fleming and John Penny, on the date of the notes,
executed a deed of trust on lot 10, block 384, and lot 14 in block 327, in the
city of Galveston, whereby it was stipulated that the plaintiffs should have
a lien on said property for any debt that might thereafter accrue by what-
soever means, as well as for the debt then existing; that the claim was
presented to the defendant as administrator of the estate of B. M. Flem-
ing, and by him allowed only as to the amount due on the notes, $4374.83,
with interest, and that part of the account which accrued prior to June
10, 1890, and rejected the attorney fees and the items of account which
accrued since June 10, 1890.   Plaintiffs alleged the presentation of the
said claims against the estate of Catherine Fleming, and that McCormick,
the administrator, rejected that part relating to the open account, and
allowed it on the three notes for $4364.83, as being surety thereon, and
allowing a lien on her property only after the assets of the estate of B. M.
Fleming should be exhausted.   Plaintiffs prayed for judgment against
the estates, with interest, attorney fees, and costs; that the lien on said
property be established, and that the judgment be certified to the Probate
Court; and prayed for judgment against John Penny upon the whole
claim, individually, and filed itemized accounts made out against B. M.
Fleming.

" The defendant McCormick demurred, and especially excepted to the
petition, setting out a misjoinder of parties, on account of the estates of
B. M. Fleming and Catherine Fleming being made joint defendants.

" Defendant filed general denial, and specially answered, setting up
the suretyship of Mrs. Catherine Fleming; alleging that she was the wife
of B. M. Fleming; that the property described in the deed of trust was
her separate property, and that the goods bought from plaintiffs were not
for her benefit; that the notes were without consideration, and were made
to secure an antecedent debt of John Penny.

" By second supplemental answer, McCormick renewed his exception
for misjoinder of parties, and excepted further, because:

" 2.  The amended petition claimed a joint liability on account of a
partnership between B. M. Fleming and John Penny, which was shown
to have been dissolved by Fleming's death in June, 1890, the indebted-
ness being alleged to have accrued since that date.

" 3.  That the petition showed that it claimed indebtedness accruing
after the death of B. M. Fleming, which could not be a claim against his
estate.

" 4.  That there were no sufficient allegations of joint obligation to en-
able plaintiffs to recover against the estate of Catherine Fleming.

" 5.  That there was an improper joinder of the demand of indebted-
ness accruing before, with that alleged to have accrued after the death of
B. M. Fleming.

" 6. Excepting to the sufficiency of the allegation of partnership.

" 7. Excepting to the allegation of lien.

" 8. Excepting because the petition showed that two separate estates were being administered in the County Court, and prayed for joint judgment against them both.

" By special answer, McCormick alleged that B. M. Fleming died on June 10, 1890, and that there was no administration on his estate until November 30, when he qualified. He alleged, that the merchandise (the amount of which, $680.24, is sued for) was not bought by any person authorized to bind his estate, it being purchased on September 23 and 25, 1890. That the estate of B. M. Fleming was indebted $1296.96, and no more, at the date of his death; denied the right to recover for attorney fees, alleging his, B. M. Fleming's, death before the claims were placed in the hands of attorneys.

"Answering as administrator of estate of Catherine Fleming, he denied that the open account of $1822.70, claimed to have accrued before B. M. Fleming's death, was any claim or lien on her separate property, or any claim against her estate. He denied the justice of the account of $680.24 as any claim against her estate; denied under oath the partnership alleged between her and John Penny, and the authority of Penny to purchase any of the goods for her; and denied that any of the sums claimed were a lien on her separate property, alleging that the deed of trust was void.

" The court overruled all exceptions, and adjudged that plaintiffs recover from the estate of B. M. Fleming and from John Penny $5743.38, principal, interest, and attorney fees on the notes, with interest from date of judgment at 10 per cent; also, from the estate of B. M. Fleming $1686.72, with interest at 10 per cent; and from John Penny the further sum of $526.53, with interest from date of judgment at 6 per cent; and the plaintiffs have a lien on the property described, and that said lien covers not only the interest of the estate of B. M. Fleming, but also the interest of Catherine Fleming, and ordered that the lien be foreclosed and the property sold to satisfy the amounts adjudged against the estate of B. M. Fleming."

The judgment against the defendant McCormick was ordered to be certified to the County Court for observance, and execution was ordered against defendant Penny for the amount adjudged against him. Defendants excepted and gave notice of appeal, but defendant McCormick alone appealed.

The first assignment of error is: " The court erred in overruling the demurrer and first exception, and plea of misjoinder of actions and parties, which sets out that he was the administrator of two different estates, and different remedies were sought against each estate, and the pleading of plaintiffs seeking a joint remedy against John A. McCormick, as such administrator of each estate, and against John Penny."

The petition alleges, that the mortgage, the foreclosure of which was sought by the suit, was jointly executed by defendant Penny and B. M. Fleming and Catherine Fleming, and that both of these defendants were dead, and their separate estates were being administered by the defendant McCormick; and it averred also, that said mortgage by its terms gave a lien upon the property covered by it for security of each and all of the debts sued for—the alleged joint indebtedness of B. M. Fleming and defendant Penny, and the alleged joint indebtedness of Penny and Catherine Fleming as well. These averments, in our judgment, authorized a joinder of all of the several causes of action in one suit. Separate suits may have been brought, but the law abhors a multiplicity of suits; and under our liberal system of procedure, we think one suit, embracing the several causes of action against the defendants, was eminently proper in this instance.

There is not, necessarily, a misjoinder of parties or of actions, because different judgments are prayed for against the several defendants. There need not be an identity of interest in the parties to authorize their joinder. The court did not err in overruling the demurrer to the petition.

The other exceptions we will not consider further than to say, that while most of them were, we think, well taken, the errors of the court in overruling them were cured by the judgment.

No judgment was given against the estate of B. M. Fleming for any debt incurred after his death by defendant Penny; nor was there any personal judgment given against the estate of Catherine Fleming, save for costs of suit; nor did the judgment establish a lien upon the mortgaged property as to the debt adjudged against the defendant Penny.

We have carefully considered the evidence, and we are unable to discover that it sustains the proposition announced under the appellant's eleventh and nineteenth assignments of error. If, in fact, the account presented for allowance showed a larger credit than the account sued on, that circumstance would not estop plaintiffs from correcting the statement, and suing for and recovering the amount actually due. We can not say the court erred in allowing a credit of only $600 instead of $800.

The proposition contended for under the ninth, twelfth, and eighteenth assignments, we are of opinion are conclusively settled adversely to appellant by the decision in Klein v. Glass, 53 Texas, 44. Were the question an open one, we might agree with counsel who so ably argues against the correctness of the rule established by that decision. Under that decision, Catherine Fleming was competent, notwithstanding her coverture, to execute the mortgage jointly with her husband, which subjected her separate property to the payment of debts which might be contracted by the husband subsequent to the execution of the mortgage.

What we have said in regard to the proposition under the assignments

considered in the preceding paragraph, applies also to the proposition presented under the tenth assignment of error. If the mortgage could be made to include subsequent purchase of goods by the husband, we can see no reason why it might not include an obligation to pay interest on the debt due for the goods.

The sixteenth assignment of error is, we think, without merit. There is nothing inconsistent in certifying the judgment against the estate of B. M. Fleming to the County Court for payment in due course of administration, and in ordering execution to issue against defendant Penny, who was adjudged to be jointly bound for the debt adjudged against the estate of Fleming.

We can discover no error in the judgment, and the same must be affirmed.

*Affirmed.*

Delivered April 27, 1893.


ON MOTION FOR REHEARING.

Upon reviewing the evidence in this case, we find that we were in error in concluding that B. M. Fleming contracted, after the execution of the mortgage given to appellees, to pay interest on the price of goods which should be purchased subsequently from appellees. This agreement to pay interest on open account was made by B. M. Fleming prior to the execution of the mortgage from himself and wife, Catherine, to appellees. The mortgage, by its terms, creates a lien for the security of the then existing debts of B. M. Fleming, and such as he might subsequently contract with appellees; and it can not be construed to comprehend within its operation a previous agreement by which B. M. Fleming should be charged interest at the rate of 10 per cent per annum upon his purchases, from a given day after the sale and delivery of the goods. The judgment of affirmance rendered herein on a previous day of the term will be set aside and held for naught, and this court will now render such judgment as should have been rendered by the District Court of Galveston County upon trial of this cause on the 22nd of March, A. D. 1892. The District Court rendered judgment for appellees against the estate of B. M. Fleming, deceased, for interest at the rate of 10 per cent per annum on the amount due upon account from Fleming at his death. Fleming died on the 10th of June, 1890, and in the statement of facts it is admitted by appellant that the amount due at that date was $2022.70, and upon this amount appellees allow a credit of $200, and the court found the account entitled to credits in addition (by payments made after Fleming's death) amounting to $400, leaving a balance due in September, 1890, of $1422.70. Upon this amount interest should have been allowed at 8 per cent per

annum from the 1st of January, A. D. 1891, to the 22nd day of September of that year, and from the 22nd of September interest should have been allowed on the principal and the accrued interest to that date at the rate of 6 per cent per annum; and the judgment should have borne interest at the rate of 10 per cent per annum only on the amount rendered upon the notes and for attorney fees, and 6 per cent per annum on the amount rendered on the indebtedness found to be due upon open account from the estate of Fleming to the appellees. In these particulars the judgment appealed from will be reversed and reformed as here indicated; and in every other particular it will be affirmed. The court allowed a commission of 10 per cent as attorney fees upon the amount due upon the notes, including the accrued interest at the date of the judgment, and in this there was no error committed. The contract was to pay 10 per cent attorney fees if the notes should be placed in the hands of an attorney, and by such contract the payor of the notes obligated himself to pay 10 per cent on the amount collected, including both principal and interest. In accordance with the request of counsel, we will file our conclusions upon the facts of this case in due time.

*Reversed and reformed in part.*
*Affirmed in part.*

Delivered June 1, 1893.

Writ of error refused by Supreme Court October 7, 1893.